## NEW ENGLAND HOSPITAL FOR WOMEN AND CHILDREN *vs.* WILLIAM SOHIER.

Suffolk.    March 19, 1874.    AMES & DEVENS, JJ., absent.

The notice of an executor's sale of a parcel of land running through from street to street, described the estate as late the residence of T. E., and named correctly the owners of the estates bounding it on either side, and the street on which it abutted on either end, but transposed the numbers on the respective streets, so that the estate was an impossible one if determined by the numbers. *Held,* that the misdescription by the numbers did not render the notice invalid.

BILL IN EQUITY for specific performance of an agreement to purchase real estate. The defendant admitted that he entered into an agreement in writing with the plaintiff for the purchase of the property; that the plaintiff tendered a deed in due form and at the time agreed, and that he refused to accept the deed, and justified the refusal on the ground that the plaintiff was not seised in fee simple; that part of the estate was sold to the plaintiff's grantor by the executor of Thomas Emmons, under a license from the probate court, and that the notice of the sale was defective. This notice was as follows: " Executor's sale of real estate by order of the Probate Court. To be sold at public auction, the land and buildings situated on Warren Street and Pleasant Street, in the city of Boston, late the residence of Thomas Emmons, deceased, being numbered 21 on said Warren Street, bounding northeasterly thereon, there measuring 39 feet 4½ inches, more or less, and number 6 Pleasant Street, bounding southwesterly thereon 40 feet 9¼ inches, running through from street to street; being bounded southerly by land of Warren Street Chapel on three lines 122 feet 6½ inches; northerly and easterly by land of Charles Rollins, Charles H. Parker, and unknown persons, about 140 feet; whole premises containing 5057 square feet, more or less. Sale on premises, entering from Pleasant Street, on Wednesday, July 15 next, 4 o'clock, P. M." ·

It was agreed that the numbers on Warren and Pleasant Streets were so arranged that No. 21 Warren Street was on the northeasterly side of that street, and No. 6 Pleasant Street was on the southwesterly side of that street, and that the estate described in the petition of the executors and sold by them, extended from the southwesterly side of Warren Street to the northeasterly side of Pleasant Street.

The only defect relied upon in the above notice was that arising from the transposition of the numbers on said streets.

Hearing before *Endicott*, J., who reserved the case for the decision of the full court.

*S. E. Sewall & T. F. Currier*, for the plaintiff, were stopped by the court.

*F. C. Welch*, for the defendant. The notice was inaccurate, because it transposed the numbers on said streets. *Wellman* v. *Lawrence*, 15 Mass. 326. *Hoard* v. *Hoard*, 41 Ala. 590. *Steinmetz* v. *Signer*, 23 Ind. 386. In a city the number of an estate on a street is relied upon in preference to the description. No one carries in his mind the points of the compass as to the situation of estates in relation to streets, or any other given boundary. The notice was further calculated to mislead because it read " Sale on premises entering from Pleasant Street ; " that is from 6 Pleasant Street. The boundary by land of Warren Street Chapel, mentioned in the notice, does not cure the defect, for no one would suspect from the appearance of the building that it was used as a chapel.

GRAY, C. J. The notice identifies the premises to be sold so clearly that no one disposed to bid at the sale would have any difficulty in ascertaining what estate was meant. It describes the estate as " late the residence of Thomas Emmons," and truly names the owners of estates bounding it on either side, and the streets on which it abuts at either end. The further description by numbers which designate estates on the opposite side of each street, being an impossible description, *falsa demonstratio*, does not render the notice invalid. *Decree for the plaintiffs.*